

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-78,004-01

### EX PARTE ADAM RAY CAICEDO, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 0802114D IN THE 371ST DISTRICT COURT
### FROM TARRANT COUNTY

*Per curiam*. MEYERS, JOHNSON, and NEWELL, JJ., would grant.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to twenty-five years' imprisonment. The Second Court of Appeals affirmed his conviction. *Caicedo v. State*, No. 02-02-00017-CR (Tex. App.—Fort Worth Mar. 20, 2003) (not designated for publication).

Applicant contends, among other things, that counsel was ineffective during punishment. The State raised laches and argued that it was prejudiced in its ability to respond. The trial court found that counsel's memory was not so diminished that the State was prejudiced in its ability to respond. The trial court recommended that we grant Applicant a new punishment hearing. We

believe that the record should be further developed.

In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

Applicant appears to be represented by counsel. If he is not and the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04.

We recently held that a court may on its own motion consider laches. *Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014). Given the delay in Applicant's case, the trial court shall make further findings of fact and conclusions of law as to whether the State will be prejudiced in its ability to retry Applicant. The trial court shall also give Applicant an opportunity to explain his delay. The trial court shall also make any other findings and conclusions that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: March 25, 2015
Do not publish